# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cv-00187-W

| | |
|---|---|
| In Re: RIVER ROCK COTTAGES, LLC, | |
| Debtor. | ORDER |
| RIVER ROCK COTTAGES, LLC, | |
| Plaintiff-Appellant, | |
| vs. | |
| PORTER CAPITAL CORPORATION | |
| Defendant-Appellees | |

THIS MATTER is before the Court on Debtor-Appellant's "Emergency Motion for Stay Pending Bankruptcy Appeal." (Doc. No. 2). For the reasons that follow, the Court DENIES the motion.

## BACKGROUND

The facts in this matter are largely uncontested. River Rock Cottages, LLC, ("River Rock") owns certain real estate in Polk County, North Carolina ("Property"). Porter holds two debt instruments executed by River Rock, and the loans are secured by Deeds of Trust on the Property. In August 2006, River Rock defaulted in repayment of the loans, and Porter accelerated the balance due under the loans. Porter also instituted foreclosure proceedings on the Property pursuant to rights under the Deeds of Trust. Following a ninety-day time period wherein the parties unsuccessfully attempted to resolve the dispute, Porter proceeded with foreclosure on the Property. On the tenth

day of the upset-bid period, River Rock filed a petition under Chapter 11 of the United States Bankruptcy Code with the Bankruptcy Court for the Western District of North Carolina.

Porter filed a motion to dismiss the Bankruptcy Case; however, the parties were able to reach an agreement resulting in the Bankruptcy Court's entry of an Order Conditionally Denying the Motion to Dismiss. The order, entered February 20, 2008, required River Rock to pay the outstanding balance due to Porter by March 15, 2008, or otherwise the automatic stay would be lifted such that Porter would be permitted to proceed with foreclosure on the Property. The order also provided that in the event the stay was lifted and Porter commenced foreclosure proceedings, River Rock agreed that "it will not file a subsequent bankruptcy case or take any other action to stop the foreclosure proceedings." Subsequently, Porter provided a payoff amount to River Rock, which as of February 20, 2008, totaled $3,445,656.31 with a per diem beginning February 21, 2008, of $1,602.22. On March 5, 2008, River Rock filed a Motion to Sell Property Free and Clear of Liens with Notice of Hearing, which the Bankruptcy Court granted. The order approved the sale of the Property to IHF Holdings, LLC, for the sum of $4,337,000.00 and also required Porter to submit a fully itemized and detailed payoff statement regarding the amount owed by River Rock. Porter responded on March 11, 2008, and also provided a breakdown of the attorney's fees, other fees, and expenses, which totaled $78,529.98 at that time. River Rock objected to the payoff amount, which has led to the inability to complete the sale of the Property to IHF Holdings, LLC, and the corresponding failure to use such proceeds to remit the payoff amount to Porter. As a result, Porter recommenced its foreclosure proceedings with the sale scheduled to take place at 10:00 A.M. on April 29, 2008.

River Rock filed a Motion for Order Reimposing the Automatic Stay, which the Bankruptcy Court denied following a hearing on April 28, 2008, the day before the scheduled foreclosure sale. River Rock has appealed this Order to this Court and now seeks a stay pending the bankruptcy appeal pursuant to Bankruptcy Rule 8005.[1]

**ANALYSIS**

The law concerning a motion for stay pending appeal of a bankruptcy decision is well-settled.

> The granting of a motion for stay pending appeal is discretionary with the court; however, . . . the movant must satisfy a four-prong test developed by the Fourth Circuit Court of Appeals. Pursuant to this test, the party seeking the stay pending the appeal must show that: (1) it will likely prevail on the merits of the appeal, (2) it will suffer irreparable injury if the stay is denied, (3) other parties will not be substantially harmed by the stay, and (4) the public interest will be served by granting the stay.

In re Ward, 184 B.R. 253 (Bankr. D.S.C. 1995) (citing Long v. Robinson, 432 F.2d 977 (4th Cir.1970); accord City of Alexandria v. Helms, 719 F.2d 699 (4th Cir.1983); In re Asheville Building Associates v. Carlyle Real Estate Limited Partnership, VIII, 93 B.R. 920 (Bankr. W.D.N.C. 1988)); see also In re Wilson, 233 B.R. 915, 917 (M.D.N.C. 1998) (citing Long, 432 F.2d 977). A motion for stay pending appeal is similar in nature to a preliminary injunction because the movant requests an event be halted, i.e., that an order not be given effect. In re Tolco Properties, Inc., 6 B.R. 490 (Bkrtcy. Va. 1980) (citing In re Ronald J. Parr et als.,1 B.R. 453, 5 B.C.D. 1143 (Bkrtcy. E.D.N.Y.1979); In re Chanticleer Associates, Ltd., 4 B.C.D. 509 (S.D.N.Y. 1978)). "Because of this similarity, the standards which have been adopted for the granting of a stay pending appeal are

---

[1] Counsel for River Rock telephonically informed the Court that the foreclosure sale took place on April 29, 2008, at 10 AM as scheduled. Nevertheless, the Court finds the issue of a stay is not moot because of there exists a ten-day upset-bid period that follows the sale. Because that period has not passed, this matter is ripe for ruling.

essentially the same as those required for the issuance of a preliminary injunction." In re Convenience USA, Inc., 290 B.R. 558 (Bkrtcy. M.D.N.C. 2003) (citation omitted).

Presuming, without deciding, that River Rock could show it will likely prevail on the merits of the appeal and thus satisfy the first prong of the Long standard,[2] the Court is unconvinced River Rock meets the remaining three elements of the four-prong test. 432 F.2d at 979. Turning to the second prong, River Rock presents no argument as to how it will be irreparably harmed, other than its bare assertion that it will suffer irreparable harm if foreclosure is allowed. Construing the motion in the light most favorable to River Rock, the only harm alleged is loss of equity, which is a monetary injury that is, by its nature, not irreparable. As the United States Court of Appeals for the Fourth Circuit has recognized, "Where the harm suffered by the moving party may be compensated by an award of money damages at judgment, courts generally have refused to find that harm irreparable." Hughes Network Systems, Inc. v. InterDigital Communications Corp., 17 F.3d 691, 694 (4th Cir. 1994) (citing Morton v. Beyer, 822 F.2d 364, 371-72 (3d Cir. 1987); Foxboro Co. v. Arabian Am. Oil Co., 805 F.2d 34, 36 (1st Cir. 1986)). Indeed, there are several remedies available to River Rock in order to protect the alleged equity in the Property. River Rock can seek to protect the Property's alleged value by bidding at the foreclosure sale or by finding and producing potential bidders at the foreclosure sale. Even if River Rock was harmed by the sale of the Property for less than fair market value, those monetary damages, as discussed above, may be recovered from Porter through proper legal proceedings. Furthermore, River Rock has neither argued nor shown

---

[2]The Court is uncertain whether River Rock could prevail on the merits in light of the "waiver" contained in the Bankruptcy Court's Order of February 20, 2008, wherein the court specifically noted that River Rock "agrees that it will not . . . take any other action to stop the foreclosure proceedings." The Court, therefore, declines to resolve this dispute at this time and instead, will presume River Rock could satisfy this first prong.

extraordinary circumstances to give rise to irreparable harm, such as Porter's inability to pay damages or the unsatisfiability of a money judgment. Hughes Network Systems, Inc., 17 F.3d at 694 (citing Roland Mach. Co. v. Dresser Indus., Inc., 749 F.2d 380, 386 (7th Cir. 1984); see also Hoxworth v. Blinder, Robinson & Co., Inc., 903 F.2d 186, 206 (3d Cir. 1990)). Accordingly, the Court finds that River Rock will not suffer any irreparable harm if the stay is not granted.

As to the third prong, River Rock argues that granting the stay will not cause substantial harm to Porter because it is protected by the equity cushion in the Property. River Rock contends the Property is valued at $8.9 million, whereas Porter is only owed approximately $3.5 million. Nevertheless, the alleged equity, like that in any parcel of real estate, is constantly in flux and wholly dependent on market demand. River Rock's purported appraisal of the Property carries little weight, particularly in light of the admitted fact that River Rock's sole potential buyer is only willing to pay approximately $4.3 million. It appears unlikely that River Rock could perform substantially better if the Court delayed the sale of the Property. Thus, it is possible that Porter could be harmed in the event the Property's value declines pending appeal and fails to sell for the amount allegedly owed by River Rock. Thus, River Rock has failed to show why Porter will not be substantially harmed if the stay is denied.

Finally, River Rock has not shown in any way how the public interest would be served by staying the Bankruptcy Court's order, and this Court is of the opinion such a stay does not serve the public interest. River Rock's mere assertion that the relief requested is not contrary to public interest is entirely unpersuasive. Thus, this fourth and final factor is not satisfied..

## Conclusion

In sum, River Rock has failed to sufficiently demonstrate the requisite showing necessary for entry of stay pending appeal. There are simply no facts presented by River Rock that demonstrate it would be irreparably harmed by allowing the foreclosure to move forward as scheduled.

IT IS, THEREFORE, ORDERED that River Rock, LLC's Emergency Motion for Stay Pending Appeal (Doc. No. 2) is DENIED.

IT IS SO ORDERED.

Signed: May 7, 2008

Frank D. Whitney
United States District Judge